## MARTIN *v.* COLE.

JUDGMENT.—*Assignment.*—*Summons.*—A complaint alleged that the plaintiff had taken from the defendant, by assignment without recourse, a certificate of purchase of real estate sold under execution on a judgment in favor of the defendant; that said judgment was void, because the name of the plaintiff therein was not inserted in the summons; and he therefore demanded the return of the money paid by him for the assignment.

*Held,* that the complaint did not show that the judgment was void, as the defendant therein might have appeared to the action, fraud was not alleged, the facts were equally open to both parties, it was not averred that the plaintiff was not in possession of the land under a deed, or had not received the excess paid by defendant on his bid, over the judgment.

*Held,* also, that the summons was not void.

APPEAL from the Harrison Circuit Court.

PETTIT, J.—This suit was instituted by the appellant against the appellee and a number of other persons, to accomplish one or more of various objects prayed and asked for; but the suit was dismissed as to all the defendants, except the appellee, Cole, against whom a new complaint was filed, to which a demurrer, for want of sufficient facts, was sustained, and exception taken; and both parties, by their ab-

stracts and briefs, admit that the correctness of this ruling is the only question in the case, this being the only error assigned. The complaint is as follows:

"The plaintiff, Milton Martin, as and for an amendment to his original complaint herein filed, says that on or about the 19th day of August, 1867, the above named defendant, William E. Cole, instituted an action in this honorable court against John D. Austin and Elizabeth Austin, on a note executed by them to the said William E. Cole, in which action so instituted such other and further legal proceedings were attempted, and supposed to be had in pursuance of law, that at the September term of this court, in the year 1867, to wit, on the 24th day of September, 1867, said William E. Cole, by the consideration and judgment of this honorable court, recovered a judgment in said action against the said John D. Austin and Elizabeth Austin, for the sum of two hundred dollars and seventy cents and costs of suit. Afterward, to wit, on the 24th day of October, 1867, the said William E. Cole caused a writ of execution to be duly issued on said judgment, directed to the sheriff of Harrison county, commanding him, that of the goods and chattels, lands and tenements of the said John D. Austin and Elizabeth Austin, he should cause to be made the money aforesaid; and on the 2d day of November, 1867, said writ of execution came to the hands of Henry Ziner, then sheriff of Harrison county, to be by him executed according to its commands. Afterward, to wit, on the 25th day of January, 1868, said Henry Ziner, sheriff, levied said writ of execution on the north half of the south-east quarter of section thirty-three, township one, south in range three east, in Harrison county, as the property of said John D. Austin and Elizabeth Austin; and after advertising the same for sale, as required by law, said sheriff did, on the 22d day of February, 1868, between the hours prescribed by law, offer said land for sale at public auction, to pay and satisfy the debt, damages, and costs mentioned in said writ of execution; and the said William E. Cole then and there bid for said land the sum of seven hundred and fifty-

Martin *v.* Cole.

nine dollars and eighty-three cents; and no person bidding more, said Sheriff then and there struck off and sold said land to the said William E. Cole, for said sum of seven hundred and fifty-nine dollars and eighty-three cents; and on the payment of said amount of money to said Henry Ziner, sheriff, he executed and delivered to said William E. Cole a certificate of purchase for said land, a copy of which, with the endorsements thereon, is filed with the first paragraph of this complaint, and is made a part hereof by reference.

"And afterward, to wit, on the 11th day of January, 1869, this plaintiff supposing and believing said certificate of purchase to be good and valid for the purpose specified therein, and said defendant so representing the same to be valid, and not knowing of any mistake in any of the proceedings in said action, either previous to or after said judgment, purchased from said William E. Cole the certificate of purchase aforesaid, for the sum of eight hundred and fifty dollars, which he then paid; and the said William E. Cole in consideration of said sum of eight hundred and fifty dollars so paid, to him, by his written endorsement on said certificate of purchase, assigned and delivered the same to this plaintiff.

"Afterward, to wit, on the — day of ———, 1869, this plaintiff discovered, for the first time, that a mistake occurred in the summons issued in the action described in this amendment, in this, that the name of the plaintiff, said William E. Cole, was not inserted in said summons, nor did his name appear anywhere therein.

"The plaintiff avers that by reason of said mistake, said summons was a nullity and of no validity, force, or effect; and that the judgment rendered in said action and all the proceedings thereon, and said certificate of purchase and the assignment thereof, are all nullities, and void, and of no validity, force, or effect; and that he paid said William E. Cole the said consideration of eight hundred and fifty dollars for said certificate of purchase in ignorance of all the above facts, believing at the time of said purchase that said certificate was good and valid.

"And plaintiff further avers that the papers belonging to the files in said action of said William E. Cole against John D. Austin and Elizabeth Austin, his wife, including the note sued on, the complaint, and summons therein, have been lost, mislaid, or destroyed; that diligent search has been made therefor by this plaintiff, and by the clerk of this honorable court, in his office, where the same should be, and elsewhere, but the same can not anywhere be found; and he files with the first paragraph of this complaint a copy of the record in said cause, so far as the same can be obtained, including the execution and sheriff's return thereon, which is made part hereof by reference.

"By reason of the premises aforesaid, the said William E. Cole became and is liable, and justly bound to pay and refund to this plaintiff the said sum of eight hundred and fifty dollars, and all interest thereon; but said William E. Cole fails and refuses to pay the same.

"Wherefore the plaintiff demands judgment against said Cole for eight hundred and fifty dollars. He also demands all of the relief prayed for in his original complaint."

Was this ruling correct? We hold that it was, for more reasons than we shall elaborate. The complaint does not show that the judgment was void, but that the summons was defective. For all we can see from or by the complaint, the defendants, Austin and Austin, may have appeared, answered, confessed, or agreed to the judgment; either of which actions would have made the judgment valid and binding.

The assignment of the sheriff's certificate *is* in these words:

"For value received, I assign all my interest to the foregoing certificate of purchase to Milton Martin, without any recourse on me whatever, this 11th day of January, 1869.

"W. E. COLE."

This assignment created no liability unless there was fraud. None is charged. Other reasons might be given why this complaint is bad, among which is, that each party had an

equal opportunity to ascertain and determine whether the judgment on which the sheriff's sale took place was valid, as the clerk's office and the records and papers therein were equally open to both.

The plaintiff below, appellant, does not show that he has not a deed for, and is not in possession of, the land, or that he has not received the excess paid for it by the defendant on his bid, over his judgment. We hold that the summons was not void. 2 G. & H. 63, sec. 37.

The judgment is in all things affirmed, at the costs of the appellant.

*T. C. Slaughter, W. A. Porter,* and — *Jordon,* for appellant.
*S. K. Wolfe,* for appellee.